## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| WILLIAM METCALF | : | CIVIL ACTION NO. |
| | : | 3:15-CV-01696-VAB |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| YALE UNIVERSITY, ET AL | : | |
| | : | |
| DEFENDANTS | : | MARCH 1, 2016 |
| | : | |

## PARTIES' REPORT OF RULE 26(f) PLANNING MEETING

Date Complaint Filed:          November 18, 2015

Date Complaint Served:         November 20, 2015. Served on Attorney Caroline G.
                               Hendel, Senior Associate General Counsel.

Date of Defendant's Appearance:    November 25, 2015

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a Conference was

held on February 29, 2016. The participants were:

For Plaintiff:

> Ethan Levin-Epstein, Esq.
> GARRISON, LEVIN-EPSTEIN, FITZGERALD & PIRROTTI, P.C.
> 405 Orange Street
> New Haven, CT 06511

For Defendant:

> Patrick M. Noonan, Esq.
> DONAHUE, DURHAM & NOONAN, P.C.
> Concept Park
> 741 Boston Post Road, Suite 306
> Guilford, CT 06437

## I.      CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     JURISDICTION

### A.      Subject Matter Jurisdiction

This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331, under The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*

### B.      Personal Jurisdiction

No defense of lack of personal jurisdiction has been raised.

## III.    BRIEF DESCRIPTION OF CASE

### A.      Claims of plaintiff

The plaintiff, William Metcalf, brings this case for damages sustained as a result of the defendant Yale University's age discrimination. The plaintiff alleges that on August 29, 2014 he was wrongfully terminated from his employment as Curator of Coins and Medals with the Yale University Art Gallery and as an Adjunct Professor of Classics because of age discrimination.

### B.      Defenses and claims (counterclaims, third party claims, cross claims) of defendant

The defendant denies that it discriminated against the plaintiff, and alleges that he was terminated for cause due to sexual harassment

### C.      Defenses and claims of third party defendant(s):

Not applicable.

2

**IV.    STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are

any material facts that are not in dispute. The parties state that the following material facts are

undisputed:

1.    That plaintiff worked for Yale University for more than 12 years.

2.    That plaintiff is entitled to a jury trial.

3.    That the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

4.    That venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the asserted claims occurred here.

5.    That this Court has supplemental jurisdiction over the Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy as the federal law claims.

6.    That the defendant is Yale University ("Yale"), an educational institution located in New Haven, Connecticut.

7.    That Yale employs more than 20 or more employees in Connecticut.

8.    That at all relevant times mentioned in the Complaint, Yale was the plaintiff's employer within the meaning of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623; and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-60(a).

9.    That plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") alleging age discrimination.

10.   That the plaintiff's CHRO complaint was dual filed with the federal Equal Employment Opportunity Commission.

11.   That the plaintiff's CHRO complaint was filed in a timely manner, as it was filed within 180 days of the date that plaintiff received notice of his termination.

12.   That plaintiff received a Release of Jurisdiction from the CHRO, dated August 31, 2015 and filed his Complaint in the instant case within 90 days of his receipt of the Release of Jurisdiction from the CHRO.

**V.     CASE MANAGEMENT PLAN:**

**A.     Standing Order On Scheduling In Civil Cases**

The parties request modification of the deadlines in the standing order on scheduling in civil cases consistent with this Report.

**B.     Scheduling Conference With The Court**

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a Rule 16(a) conference by telephone.

**C.     Early Settlement Conference**

1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.     The parties do not request an early settlement conference.

3.     The parties prefer a settlement conference with a Magistrate Judge.

4.     The parties alternatively request at this time a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.     Joinder of Parties and Amendment of Pleadings**

1.     Although the Plaintiff does not anticipate amendment of the pleadings at this time, he reserves the right to amend the complaint at the close of discovery in accordance with the Federal Rules of Civil Procedure. Defendant does not agree to this request, and requests that any amendment be made on or before March 15, 2016.  Both parties reserve their rights to amend the complaint and/or answer and/or object to an amendment.

2.     Defendant should be allowed until March 15, 2016 to file motions to join

4

additional parties.

**E.     Discovery**

1.     The parties anticipate that discovery will be needed on the following

subjects: Circumstances concerning the plaintiff's employment and

termination by the defendant.

2.     All discovery, including depositions of expert witnesses pursuant to Fed.

R. Civ. P. 26(b)(4), will be commenced by March 1, 2016, and completed

(not propounded) by March 3, 2017.

3.     Discovery will be conducted in phases, with expert disclosure to

follow depositions of fact witnesses.

4.     Discovery will be completed by March 3, 2017.

5.     The parties anticipate that the plaintiff will require a total of six (6)

depositions of fact witnesses and that Yale University will require a total

of six (6) depositions of fact witnesses. The depositions will commence

by April 15, 2016 and be completed by November 1, 2016.

6.     The parties do not anticipate requesting permission to serve more than 25

interrogatories, but reserve the right to do so if deemed necessary.

7.     Plaintiff will designate all retained trial experts and provide opposing

counsel with reports from retained experts pursuant to Fed. R. Civ. P.

26(a)(2)(B) by December 1, 2016. Depositions of any such retained

experts will be completed by February 28, 2017.

8.     Defendant will designate all trial experts and provide opposing counsel

with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by

January 16, 2017. Depositions of such experts will be completed by March 3, 2017.

9.  The parties disagree on the date for plaintiff to file a damage analysis. Plaintiff has proposed that the damages analysis will be provided by any party who has a claim or counterclaim for damages within 15 days after the receipt of an expert's report, in the event that party chooses to engage an expert, or within 15 days of the completion of discovery.  Defendant wishes to have the damages analysis available for the plaintiff's deposition and therefore requests that it be filed by April 15, 2016, when depositions can be conducted.

10. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

Defendant shall retain, until conclusion of this lawsuit, all emails, computer notes, computer logs, and computer generated reports, memoranda or documents prepared by anyone employed by Yale University or the Yale Art Gallery pertaining to the last five (5) years of

plaintiff's employment, his grievance proceeding and termination that were created at any point from the last five (5) years of his employment. The plaintiff shall retain until the conclusion of this lawsuit all emails, computer notes, diaries, memoranda, phone records, and financial records relating to compensation lost due to the plaintiff's termination until the present that were created by the plaintiff.

Both parties agree to preserve the electronically stored information identified above, but reserve their right to object to disclosure of any such information.

11.   Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production or the parties have been unable to reach agreement on the procedures for asserting claims of privilege after production:

If electronically stored information is produced in discovery and is subject to a claim of privilege or of protection as trial preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly sequester the information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party does not dispute the producing party's claim of privilege or work product, the receiving party shall promptly return the information or

destroy it. If the receiving party disputes the privilege or work product claim, it may promptly present the information to the Court under seal for a determination of the claim, or the receiving party may inform the producing party in writing that it disputes the claim. The producing party may then promptly move the Court for an Order to return the electronically stored information. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

**F.      Dispositive Motions**

Dispositive motions will be filed on or before April 28, 2017.

**G.      Joint Trial Memorandum**

The joint trial memorandum required by the standing order on trial memoranda in civil cases will be filed within 45 days of the ruling on dispositive motions, should such motions be filed, or within 45 days after the parties notify one another that dispositive motions will not be filed.

**VI.   TRIAL READINESS**

The case will be ready for trial 30 days after the submission of the Joint Trial Memorandum.

As officers of the court, undersigned counsel agree to cooperate with each other and the court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,
FOR THE PLAINTIFF,
WILLIAM METCALF


By:_____/s/_____
     Joseph D. Garrison, Esq., (Fed. Bar No. ct04132)
     Ethan Levin-Epstein, Esq. (Fed. Bar No. ct01566)
     GARRISON, LEVIN-EPSTEIN,
          FITZGERALD & PIRROTTI, P.C.
     405 Orange Street
     New Haven, CT 06511
     Tel.: (203) 777-4425
     Fax: (203) 776-3965
     Email: **jgarrison@garrisonlaw.com**
           **elevin-epstein@garrisonlaw.com**




FOR THE DEFENDANT,
YALE UNIVERSITY

By:_____/s/_____
     Patrick M. Noonan, Esq. (Fed. Bar No. ct00189)
     DONAHUE, DURHAM & NOONAN, P.C.
     Concept Park
     741 Boston Post Road, Suite 306
     Guilford, CT 06437
     Tel.: (203) 458-9168
     Fax: (203) 458-4424
     Email: **pnoonan@ddnctlaw.com**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of March, 2016 a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
Patrick M. Noonan, Esq.